UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY C. ROBERTS, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | )   CASE NO. 06-CV-379-FHM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the | ) |
| Social Security Administration,[1] | ) |
| | ) |
|     DEFENDANT. | ) |

## ORDER

Plaintiff, Tony C. Roberts, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d

---

[1] On February 1, 2007, Michael J. Astrue was confirmed as Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart the former Commissioner, as defendant in this case. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's April 13, 2004 applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held August 12, 2005. By decision dated December 9, 2005, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on May 31, 2006. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born September 29, 1962, and was 42 years old at the time of the hearing. [R. 57, 453, 467]. He claims to have been unable to work since July 12, 2001, due to arthritis in his ankles, knees, hips, upper and lower back, shoulders, elbows and wrists, irritable bowel syndrome and depression. [R. 89, Plaintiff's brief, p. 2; 8]. The ALJ determined that Plaintiff has severe impairments consisting of status post arthroscopic surgery to the right knee; degenerative disc disease of the lumbar spine and status post laminectomy and fusion to the lumbar spine [R. 19] but that he retains the residual functional capacity (RFC) to perform light work activities with restrictions against more than occasional stooping, crouching, crawling, kneeling, balancing and climbing stairs and ladders. [R. 21]. Based upon the testimony of a vocational expert (VE), the ALJ determined that Plaintiff could not return to his past relevant work (PRW) but that there are other jobs in the economy in significant numbers that Plaintiff could perform with that RFC. [R. 24]. He found, therefore, that Plaintiff is not disabled as defined by the Social Security Act. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams*

*v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing five steps).

Plaintiff alleges the ALJ erred: 1) by failing to recognize all Plaintiff's diagnosed impairments as severe; 2) by formulating his RFC assessment that failed to include all Plaintiff's limitations; and 3) in conducting an analysis of Plaintiff's credibility when determining the RFC. For the reasons discussed below, the Court affirms the decision of the Commissioner.

## Step Two

At step two, the ALJ determines whether the claimant has an "impairment or combination of impairments which significantly limits [his] ... ability to do basic work activities." 20 C.F.R. § 404.1520(c). This step requires a "*de minimis*" showing of impairment. *See Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir.1997)(citing *Williams*, 844 F.2d at 751). However, the claimant must show more than the mere presence of a condition or ailment. *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (step two designed to identify "at an early stage" claimants with such slight impairments they would be unlikely to be found disabled even if age, education, and experience were considered). The step two severity determination is based on medical factors alone. *Williams*, 844 F.2d at 750. The claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities. *Id.* at 751. Unless the claimant makes a *de minimis* showing of medical severity, the evaluation process ends and the claimant is determined to be not disabled. *Id.*

Plaintiff claims the ALJ erred in failing to find Plaintiff suffered from a severe mental impairment. [Plaintiff's brief. p. 8]. Plaintiff contends the ALJ failed to engage in the required analysis of his mental impairment due to depression "despite the opinion of claimant treating physician that he is in need of at least medication." [Plaintiff's brief, p. 9-10]. Plaintiff also asserts the ALJ failed to provide a specific legitimate reason for disregarding his treating physician's opinions as to his mental impairment. *Id.* As Defendant correctly points out, Plaintiff does not cite to any place in the record where this evidence appears. [Defendant's brief. p. 4]. Nor does Plaintiff identify the treating physician whose opinion he contends the ALJ failed to consider or that the ALJ improperly rejected.

The medical record contains five notations indicating Paxil, an anti-depressant medication,[3] was prescribed and refills authorized. [R. 396, 407, 421, 444, 449]. Nowhere in the medical record, however, is there a clinical finding or a diagnosis of depression or findings of functional limitations caused by a mental impairment. Nor are there any suggestions by any of Plaintiff's medical care providers that Plaintiff complained of a mental impairment that impacts his ability to perform work activities.

Plaintiff implies that the simple fact that he had been prescribed antidepressant medication is sufficient evidence to establish the existence of a severe mental impairment.[4] This argument is unavailing. Without objective medical evidence that

---

[3] *Physicians' Desk Reference* 53rd ed. (1999 ) 3078.

[4] Plaintiff relies upon an unpublished case: *Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 2007 WL 18922 (10th Cir. 2007) for this contention. In that case, however, the ALJ first found the claimant's mental impairments were severe and then stated that they were not severe later in his decision. This inconsistency, along with the fact that the medical record contained evidence of treatment for anxiety
(continued...)

4

depression caused any significant work related limitations, the notations of prescribed medications are not sufficient to establish the existence of a severe mental impairment. *See Eacret v. Barnhart*, 120 Fed.Appx. 264, 2005 WL 4006 (10th Cir. 2005) (unpublished) (finding no error in ALJ's determination that claimant did not suffer from a severe mental impairment where there was no objective medical evidence which verified depression, there was no diagnosis of major depression and claimant did not receive mental health therapy, even though psychotropic medication had been prescribed).

There is also no merit to Plaintiff's contention that the ALJ was required to "sen[d] Claimant for a mental status exam in order to determine the extent of his mental impairment." The ALJ's duty to develop the record by ordering a consultative medical examination is triggered only after the claimant has satisfied his burden to provide objective evidence "sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins*, 113 F.3d at 1164. As stated above, Plaintiff has failed to do so in this case. Furthermore, at no time before or during the hearing did Plaintiff's counsel request such an examination or suggest that the record was incomplete without a consultative mental examination. *Hawkins*, 113 F.3d at 1167-68 (stating that, in the absence of a request from counsel, court does not ordinarily "impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record").

---

[4] (...continued)
was grounds for reversal. Neither circumstance exists in this case.

Under the circumstances presented in this case, the Court finds no error committed by the ALJ in concluding that Plaintiff did not have a severe mental impairment.

## RFC Finding

As explained above, the Court finds no merit to Plaintiff's complaint that the ALJ erred by not finding Plaintiff had a severe mental impairment. Therefore, the ALJ was not compelled to include limitations relating to depression in his assessment of Plaintiff's RFC.

Plaintiff also complains the ALJ's RFC assessment did not include all his physical limitations. Specifically, Plaintiff contends the ALJ did not discuss how he determined that, despite Plaintiff's knee surgery and spine fusion, Plaintiff could perform work "requiring him to stand or walk for the majority of the day." [Plaintiff's brief, p. 12-13]. However, as Defendant points out, the ALJ noted the results of a functional capacity evaluation (FCE) performed on January 21, 2004, which imposed a 40-pound maximum weight lifting limitation on an occasional basis. [Defendant's brief, p. 6; R. 22]. Also, as Defendant correctly argues, that FCE reflects Plaintiff can perform constant standing. [R. 288, 304]. Mark A. Capehart, M.D., Plaintiff's treating orthopedist, relied upon the FCE in his final evaluation report on February 4, 2004. [R. 319-320]. Dr. Capehart reported that Plaintiff could not return to his previous job because his physical demand level of lifting 40 pounds occasionally and 35 pounds frequently did not match with the demands of that job. *Id.* He recommended Plaintiff undergo vocational rehabilitation "to get into a line of work which does not stress his lower back so much." *Id.* The ALJ weighed this evidence along with evidence provided by Jim C. Martin, M.D., who opined

6

that Plaintiff should undergo vocational rehabilitation in order to learn a more sedentary type of employment after examining Plaintiff for Worker's Compensation rating purposes. [R. 356-359]. Based upon this evidence, and after having considered the record as a whole, the ALJ assessed an RFC for a reduced range of light work. [R. 22-25].[5] This is a more restrictive RFC than the one recommended by Dr. Capehart with regard to lifting activities and provides an accommodation for Plaintiff's need to perform work which does not stress his lower back "so much."

Plaintiff contends the ALJ's failure to note Dr. Martin's opinion that Plaintiff suffers from chronic pain syndrome is error. [R. 357]. However, none of Plaintiff's treating physicians diagnosed such a condition and there is no evidence in the record that Plaintiff received treatment for chronic pain syndrome. Standing alone, this statement by a consultative physician who was examining Plaintiff in relation to his Workers' Compensation rating, does not constitute substantial evidence of chronic pain syndrome as a severe impairment. So too, is the note "FMS" in the past medical history portion on one page of the treatment record insufficient to establish the existence of a severe impairment. [R. 393]. Therefore, there was no requirement for the ALJ to include either chronic pain syndrome or fibromyalgia as severe impairments in assessing Plaintiff's RFC.

Contrary to Plaintiff's argument, the RFC finding is not a medical assessment, but rather an administrative one. See SSR 96-8p, 1996 WL 374184, at *2; 20 C.F.R.

---

[5] Plaintiff does not directly challenge the ALJ's reasons for rejecting Dr. Calvin's notation that Plaintiff "remained disabled" on July 1, 2005. After review of the record and the ALJ's decision, the Court finds the ALJ properly evaluated Dr. Calvin's notation.

§§ 404.1545(a) and 404.1546. The determination of RFC is based upon all of the evidence of how a claimant's impairments and related symptoms affect his ability to perform work related activities.  Because the assessment is based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ. See 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946. The Court finds no error on the part of the ALJ in assessing Plaintiff's RFC.

### Credibility

Plaintiff contends the ALJ did not properly evaluate Plaintiff's subjective allegations concerning his impairments.  He complains the ALJ went "out of his way to scour the record for facts to use to discredit claimant and only succeeds in finding comments that are outdated and non-applicable to claimant's current condition." [Plaintiff's brief, p. 16].  Again, Plaintiff has not identified any evidence that the ALJ improperly evaluated.  Contrary to Plaintiff's argument, the ALJ did provide sufficient reasons for his determination that Plaintiff's allegations are not fully credible.  The Court has reviewed the entire record and concludes the ALJ's determination that Plaintiff retained the RFC to perform a limited range of light work, despite his claims to the contrary, is fully supported by substantial evidence.  The ALJ provided a sufficient link between the evidence and his determination that Plaintiff's allegations of disabling pain were not credible.  "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990); *see also White v. Barnhart,* 287 F.3d 903, 910 (10th Cir.2001) (stating that "ALJ's credibility findings warrant particular deference").  After review of the record as a whole,

the Court concludes the ALJ's credibility assessment is supported by substantial evidence in the record.

## Conclusion

The ALJ's decision demonstrates that he properly considered all of the medical reports and other evidence in the record in his determination that Plaintiff does not have a severe mental impairment. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 26th day of September, 2007.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE